Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Plaintiff
Mary Love

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Mary Love,<br><br>                Plaintiff,<br><br>v.<br><br>Tri-Counties Bank<br><br>                Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Real Estate Settlement Procedures Act<br>2. Violation of California Consumer Credit Reporting Agencies Act<br>3. Violation of the California Civil Code<br>4. Declaratory Relief<br>5. Negligence |

COMES NOW Plaintiff Mary Love (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case stems from violations of the Real Estate Settlement Procedures Act, the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), the California Civil Code, the Business and Professions Code, Negligence, and Declaratory Relief.

1

2. Plaintiff seeks redress for the unlawful and deceptive practices committed by Defendant Tri-Counties Bank (hereinafter "Tri-Counties") in connection with its inaccurate and misleading reporting of Plaintiff's prior forgiven mortgage account, along with Tri-Counties ongoing attempts to foreclose on Plaintiff's primary residence despite issuing, a 1099-C "cancellation of debt" notice in September of 2018.

3. Here, Tri-Counties is currently reporting that Plaintiff is personally liable for a mortgage account that it previously issued a cancellation of debt notice to Plaintiff.

4. Tri-Counties reporting indicates that Plaintiff is still personally responsible for the debt and still owes nearly $200,000 in mortgage loans.

5. Such reporting is wholly inaccurate, misleading, and adversely impacts Plaintiff's credit worthiness.

6. Plaintiff's credit score has been adversely impacted by the reporting; she has been unable to rebuild her credit score and obtain favorable interest rates as a result of the reporting.

7. Third parties have been exposed to the inaccurate tradelines.

8. Plaintiff reported the 1099-C issued to Tri-Counties Bank on her income tax returns and incurred income tax liability as a result.

9. After issuing the 1099-C for the full amount of Plaintiff's mortgage, Tri-Counties mortgage was cancelled. Plaintiff believes that Tri-Counties subsequently received a benefit under a government program related to the voluntary cancelation of debt.

## **JURISDICTION & VENUE**

10. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

11. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 12 U.S.C. § 2602

12. The venue is proper pursuant to 28 U.S.C. §1391(b)(1) as both Plaintiff and Defendant reside and do business within the Eastern District of California.

## **PARTIES**

13. Plaintiff is an individual who resides in the State of California.

14. Defendant Tri-Counties Bank is an FDIC institution that is headquartered in Chico, California and does business throughout the State of California.

## **GENERAL ALLEGATIONS**

15. Plaintiff is the owner of real property located in Nevada County, California.
16. Plaintiff's real property is a single-family residence.
17. Plaintiff's property is currently encumbered by a deed of trust held by Carrington Mortgage.
18. Plaintiff is current with her payments to Carrington Mortgage.
19. In July or August of 2015 Plaintiff obtained a Home Equity Line of Credit from Tri-Counties that was secured by a junior deed of trust against her Nevada County property.
20. Plaintiff maintained timely payments on her equity line for most of 2016 and 2017 – when Plaintiff did happen to fall behind with her payments she would quickly catch up and bring the loan current.
21. In 2018 Plaintiff began to experience significant financial issues that impacted her ability to maintain payments on her mortgage and home equity line.
22. In response to her financial hardships, Plaintiff proactively contacted Carrington and Tri-Counties to request that she be allowed to apply for a loan modification.
23. Carrington Mortgage was receptive to Plaintiff's hardship and processed her loan modification paperwork.
24. After several months of submitting paperwork to Carrington Mortgage Plaintiff was able to secure a loan modification with respect to her first deed of trust, which was finalized on November 1, 2019.
25. Plaintiff was not so fortunate when working with Tri-Counties on a potential loan modification.
26. Unbeknownst to Plaintiff, in September of 2018 Tri-Counties issued a 1099-C in the approximate amount of $171,953.44, relieving Plaintiff's obligation on the equity line of credit.

27. However, despite the release of debt, Tri-Counties continued to demand payment from Plaintiff as well as report on Plaintiff's credit report that she was responsible for the forgiven debt.

28. Plaintiff alleges that all actions alleged herein by Tri-Counties were done knowingly, intentionally, and in reckless disregard for accurate credit reporting in an attempt to purposefully undermine Plaintiff's attempt to improve her FICO Score and retain her primary residence.

29. In the alternative Plaintiff alleges that Tri-Counties actions was the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

30. As a result of the complete disregard of law by Tri-Counties, Plaintiff is now forced to incur the substantial cost of seeking the assistance of the Courts to enforce her rights in order to keep her family home.

31. Tri-Counties, undeterred by the prior forgiveness of the loan, filed a Notice of Default against Plaintiff's residence on 13, 2022 (instrument number 20220018384) seeking to initiate foreclosure proceedings.

32. Fidelity National Title Company was enlisted by Tri-Counties to facilitate in the foreclosure process.

33. Without relief, Plaintiff's primary residence is at risk from permanent loss and Plaintiff will suffer irreparable injury if Tri-Counties unlawful and deceptive actions are allowed to continue.

**Plaintiff's Credit Report**

34. On August 24, 2022 Plaintiff ordered a credit report from Experian Information Solutions, Inc. and TransUnion, LLC to verify proper reporting of her credit accounts in advance of potentially refinancing her loan with Carrington Mortgage.

35. Plaintiff noticed a delinquent and or adverse trade line on her August 24, 2022 credit reports where Tri-Counties reported a tradeline with an outstanding balance of $175,903.

36. Tri-Counties payment history also indicated that, at least through June of 2021, Plaintiff's loan balance was increasing.

**Inaccuracy – Tri-Counties**

37. Tri-Counties reported inaccurate, incomplete, and materially false information regarding the status of Plaintiff's account.

38. Tri-Counties issued a 1099-C cancellation of debt to Plaintiff in September of 2018, thereby releasing her personal liability on the loan.

39. The 1099-C issued by Tri-Counties caused Plaintiff to pay income taxes on the cancelled debt.

40. However, instead of updating Plaintiff's credit report to indicate the debt was forgiven, Tri-Counties continued to report that Plaintiff was liable for the loan and still owed hundreds of thousands of dollars, despite Plaintiff no longer being liable for any personal debt to Tri-Counties.

41. Tri-Counties continues to update the tradeline and confirm that there is an outstanding balance that Plaintiff remains liable to pay and that the outstanding balance of Plaintiff's liability continues to grow.

42. Tri-Counties payment history regarding the cancelled mortgage is also inaccurate and incomplete as it contains incorrect payment information and incorrect balances.

43. Plaintiff informed Tri-Counties on multiple occasions that the loan was cancelled and that she was no longer personally liable for the outstanding balance, however, Tri-Counties ignored Plaintiff's notices and continued to report the inaccurate and incomplete information to the various credit reporting agencies.

**Damages**

44. As a result of the incorrect reporting, Plaintiff has suffered economic loss, diminished credit, and emotional harm.

45. In addition, Plaintiff's credit score has been severely impacted due to the inaccurate and incomplete reporting.

46. Until Tri-Counties reporting has been properly updated Plaintiff continues to appear a severe credit risk and is unable to refinance her primary residence.

47. Plaintiff has so far been unable to successfully refinance / modify her mortgage due to Tri-Counties inaccurate and incomplete credit reporting.

48. The actions of Tri-Counties as alleged herein are acts in violation of the RESPA, California Consumer Credit Reporting Agencies Act, California Civil Code, and involve general negligence.

**FIRST CAUSE OF ACTION**
(Violation of the Real Estate Settlement Procedures Act 12 U.S.C. § 2605(k))
(Against Defendant Tri-Counties)

49. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

50. Tri-Counties received Plaintiff's various notices and qualified written requests regarding the issues with the loan balance in relation to the issuance of the 1099-C.

51. Tri-Counties knew that it issued a 1099-C to Plaintiff and forgave the loan.

52. However, in response to Plaintiff's correspondence, Tri-Counties failed to timely correct the errors regarding the loan balance and its view that the loan was in "default."

53. Tri-Counties continues to demand payment from Plaintiff despite Plaintiff not being legally required to pay Tri-Counties due to the 1099-C.

54. On September 13, 2022 Tri-Counties caused a Notice of Default to be filed against Plaintiff's primary residence, despite Plaintiff not owing Tri-Counties any money as a result of the 1099-C.

55. As a direct and proximate result of Tri-Counties violation of RESPA, Plaintiff has suffered actual damages, harm to her credit, emotional distress, pain and suffering, and incurred substantial attorney's fees and costs in an effort to address the violations.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act)
(California Civil Code § 1785.25(a) Against Defendant Tri-Counties)

**Tri-Counties – Reporting Inaccurate Information to the Credit Reporting Agencies**

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.
57. In the regular course of its business operations, Tri-Counties routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.
58. Tri-Counties continued to report a derogatory and inaccurate tradeline to the credit reporting agencies despite knowing that Plaintiff was not responsible for the debt.
59. Plaintiff alleges that Tri-Counties re-reported the information contained herein in violation of California Civil Code § 1785.25(a).
60. Plaintiff also alleges that Tri-Counties had reason to know that the information reported regarding Plaintiff's account were misleading, inaccurate, and incomplete.
61. Plaintiff alleges Tri-Counties had reason to know that by not following well-established industry standards lenders will draw a more negative inference with respect to Plaintiff's credit worthiness.
62. Tri-Counties failed to notify the credit reporting agencies that the information it re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).
63. Tri-Counties' communication of false information and erroneous reporting was done knowingly, intentionally, and in reckless disregard for its duties and Plaintiff's rights.
64. As a direct and proximate result of Tri-Counties' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, diminished credit score, emotional distress, frustration, and such further expenses in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
(Violation of California Civil Code § 2924)
(Against Defendant Tri-Counties)

65. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

66. Defendant Tri-Counties did not hold a beneficial interest in Plaintiff's real property at the time it filed the notice of default.

67. California Civil Code § 882.030 does not require that a release of lien be recorded after the cancellation of debt is issued.

68. Additionally, section 882.030 the lack of a release of lien does not effect to grant any right to the Deed of Trust after the process of law has rendered the Deed of Trust cancelled ("recording of a certificate of satisfaction, reconveyance, release, or other discharge is not necessary to terminate or evidence the termination of a security interest.")

69. Tri-Counties cancelled Plaintiff's indebtedness under the equity line of credit for the full amount on September 28, 2018 and issued a 1099-C, which is not binding and cannot be amended by any party due to operation of law.

70. As a result, at this time the cancellation of debt is in full force and effect, rendering the Deed of Trust worthless as it holds no beneficial interest at law.

71. Any subsequent assignment by Tri-Counties is meaningless as there was not valid interest to assign after Tri-Counties issued the 1099-C for the full amount of the equity line.

72. Any subsequent assignment of the Deed of Trust does not resurrect the debt, nor give the receiver of such assignment new powers to enforce the worthless Deed of Trust. The lack of a recorded release of lien does not void the cancellation of debt.

73. Civil Code § 2924(a)(6) states "[a]n entity shall not record or cause a notice of default to be recorded or to otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust…"

74. Tri-Counties and any subsequent entity that was assigned the Deed of Trust did not hold an actual or beneficial interest because the Deet of Trust was worthless as of September 28, 2018.

75. Neither Tri-Counties nor any other entity could have legally filed the Notice of Default and recorded it against Plaintiff's property as the Deed of Trust was no longer valid due to the 1099-C issued by Tri-Counties.

76. As a result, Plaintiff has sustained damage to her credit, emotional distress, and has incurred attorney's fees and costs in bring this suit. Plaintiff requests relief for violations

of Civil Code § 2924 and requests the Court vacate and set aside the recording of the Notice of Default under this section.

77. Further, Plaintiff has sustained damages, including, but not limited to, excessive interest accumulation, loss of equity, destruction of credit, and other damages in an amount to be proven at trial.

78. As a result of the intentional, reckless, and willful misconduct by Tri-Counties, Plaintiff also seeks statutory damages available under Civil Code § 2494 et. seq.

### FOURTH CAUSE OF ACTION
(Cancellation of Recorded Instruments
Against Defendant Tri-Counties)

79. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

80. As set forth above, Tri-Counties never had the legal authority to foreclose because it was no longer entitled to payment of any money after the 1099-C was issued and the debt was cancelled.

81. The absence of a release of the lien does not have any effect on the status of the cancelled debt under Civil Code § 882.030.

82. Tri-Counties never had any legal authority to record the Notice of Default against the Plaintiff's real property because the Deet of Trust was cancelled by operation of law, rendering it uncollectable.

83. Tri-Counties failing to release the lien after it cancelled and forgave the equity line subjected Plaintiff to credit harm, emotional distress, and costs associated with bringing the instant action in order to defend title to her home.

84. Plaintiff requests and order of this Court that the Notice of Default is legally void and that its recording be cancelled.

### FIFTH CAUSE OF ACTION
(Violation of California Business and Professions Code § 17200
Against Defendant Tri-Counties)

85. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

86. Business and Professions code § 17200 *et. seq.* prohibits unfair or deceptive business practices.
87. As alleged, Plaintiff bring this claim against Tri-Counties as a result of injury and financial loss as a result of its actions as pled herein.
88. As a result of Tri-Counties unfair business practices in failing to adhere to the statutory requirements regarding fairly treating cancelled and uncollectable debt, Plaintiff has sustained damages, including, but not limited to, loss of equity, harm to her credit, pain and suffering, emotional distress, threat of loss of property, and attorney's fees and costs.
89. Such amounts will be proven at trial.

### SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendant Tri-Counties)

90. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.
91. Tri-Counties owed Plaintiff a general and statutory duty of care, as California Civil Code section 2924 (and other statutes referenced herein) bestow a duty upon Tri-Counties to ensure that appropriate safeguards are put into place prior to any foreclosure sale.
92. Those specific code sections were designed specifically to protect homeowners, such as Plaintiff, by preventing the non-judicial foreclosure of property to entities that hold no beneficial interest.
93. As a result of the illegal recordings Plaintiff has suffered severe stress that has impacted her physical health, as well as being subjected to constant harassment by Tri-Counties regarding the improper recording of the Notice of Default, the inaccurate credit reporting information, and the constant misrepresentations that were sent to the Plaintiff.
94. Tri-Counties engaged in fraudulent and improper behavior in connection with the recording of the Notice of Default as its alleged deed of trust was worthless as a result of the 1099-C that was issued several years earlier.
95. As a result of Tri-Counties' unfair business practices in failing to adhere to the statutory requirements regarding fairly treating cancelled and uncollectable debt, Plaintiff has sustained damages, including but not limited to, excessive interest accumulation, loss of

equity, destruction of credit, paint, suffering, and emotional distress, as well as the treat of loss of her home.

96. These damages will be established and proven at trial.

### SEVENTH CAUSE OF ACTION
(Declaratory Relief)
(Against Defendant Tri-Counties)

97. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

98. An actual controversy exists as Civil Code § 2924 bars Tri-Counties from initiating foreclosure unless it is the holder of the instrument under the mortgage or deed of trust.

99. As set forth above, Tri-Counties and any third-party entities it may have hired to assist with the unlawful foreclosure proceedings, do not have the ability to proceed with the foreclosure proceedings due to the deed of trust being worthless by way of the 1099-C it issued to Plaintiff in 2018.

100. Plaintiff has since received a Notice of Default, which was filed against her property on September 13, 2022, regarding Tri-Counties attempt to initiate a foreclosure proceeding.

101. Tri-Counties is taking improper and unlawful steps in an attempt to illegally foreclose against Plaintiff's home as Tri-Counties does not own or hold a valid interest in the subject property.

102. Tri-Counties deed of trust is worthless because it previously forgave and cancelled the debt by way of a 1099-C.

103. Tri-Counties lacks any authority to initiate or follow through with the foreclosure process.

104. A judicial determination concerning the relative rights, responsibilities, obligations, and interests of Tri-Counties is needed with respect to Plaintiff's real property.

105. Plaintiff further requests that Tri-Counties be directed to release or cancel the Notice of Default that was recorded against Plaintiff's real property on September 13, 2022 because it cancelled its beneficial interest under its deed of trust by operation of law when it issued the 1099-C to Plaintiff, rending the debt uncollectable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For preliminary and permanent injunctive relief to stop Defendant from engaging in the conduct described above;
2. For compensatory damages, according to proof at trial;
3. For exemplary and punitive damages, according to proof at trial;
4. For treble damages;
5. Award statutory and actual damages pursuant to 12 U.S.C. § 2605(f)(1) California Civil Code § 1785.31;
6. Award punitive damages in order to deter further unlawful conduct pursuant to California Civil Code § 1785.31;
7. Award attorney's fees and costs of suit incurred herein pursuant to 12 U.S.C. § 2605(f)(3) California Civil Code § 1785.31; and
8. Any other relief the Court deems just and proper.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: October 6, 2022

*/s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff