```
BUCHALTER
A Professional Corporation
ROBERT S. MCWHORTER (SBN: 226186)
JARRETT S. OSBORNE-REVIS (SBN: 289193)
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170
Email:   rmcwhorter@buchalter.com
         josbornerevis@buchalter.com

Attorneys for Defendant
TRI COUNTIES BANK
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| MARY LOVE,<br><br>    Plaintiff,<br><br>    vs.<br><br>TRI-COUNTIES BANK,<br><br>    Defendant. | Case No. 2:22-cv-01761-KJM-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATION**

Plaintiff, Mary Love, and Defendant, Tri Counties Bank (collectively, "Parties"), jointly request, under Rule 26(c) of the Federal Rules of Civil Procedure, that the Court enter this Stipulated Protective Order as an order of the Court, as follows:

**1.     PURPOSES AND LIMITATIONS**

On February 10, 2023, the Court conducted a Scheduling Conference. Dkt. No. 9. The Court directed the parties to file by February 24, 2023, a proposed protective order for discovery only, as provided by Local Rule 141.1.

Disclosure and discovery activity in this action will likely involve producing confidential, proprietary, or private information for which special protection from disclosure and use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. The protection from disclosure or use under this Stipulated Protective Order extends only to the information or items entitled to confidential treatment under the applicable legal principles that fall within the scope of Protected Material as defined in Section 3 of this Stipulated Protective Order. The parties also acknowledge that entry of this Stipulated Protective Order does not prevent a Producing Party from attempting to maintain confidentiality or other rights by either not producing or redacting information that is privileged, protected, or subject to privacy rights, and entry of this Order does not mean a Receiving Party cannot challenge such non-production or redaction. The parties further acknowledge, as outlined in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Authorized Third Party: Experts and professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

2

Case No. 2:22-cv-01761-KJM-CKD

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items (also referred to as "Confidential Information"): information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items (also referred to as "Attorneys' Eyes Only Confidential Information"): information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) such that, because of the nature of the information, the Designating Party in good faith reasonably believes disclosure should be limited to only the attorneys for the Receiving Party.

2.5     Counsel of Record: attorneys who are retained or employed to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.6     Designating Party: a Party or Non-Party that designates information or items it produces in disclosures or responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been previously qualified as an expert in a court of law in the specific field of expertise for which they are being retained and who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:22-cv-01761-KJM-CKD

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 75306372v3

2.10  <u>Party</u>: any party to this action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.11  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that falls within the scope of the information eligible for protection under Local Rule 141.1(c) as outlined in Section 3 below.

2.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  SCOPE/DESCRIPTION OF INFORMATION ELIGIBLE FOR PROTECTION

The protections conferred by this Stipulation and Order are not intended, and should not be construed, as a blanket protective order contrary to *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("[B]lanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document.").

Pursuant to Local Rule 141.1(c)(1), the term "Protected Material" shall consist of the following types of information eligible for protection:

(a)  Documents containing trade secrets, commercially sensitive information, or propriety information of Tri Counties Bank;

(b)  Plaintiff's tax returns (state or federal), financial statements, and bank statements;

(c)  Documents containing Plaintiff's financial information; and

4

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Case No. 2:22-cv-01761-KJM-CKD

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 75306372v3

         (d)      Documents containing personal information regarding any employees, agents, or representatives of Plaintiff or Tri Counties Bank.

Notwithstanding categories 3(a)-(d), the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Further, nothing in this Stipulation and Order prevents a party from seeking entry of a protective order for documents not identified in categories 3(a)-(d). A separate agreement or order shall govern any use of Protected Material at trial.

Pursuant to Local Rule 141.1(c)(2), a protective order is needed for categories 3(a)-(d) because: (1) Rule 26(c) of the Federal Rules of Civil Procedure permits a defendant to obtain a protective order to prevent the disclosure of its trade secrets or proprietary information; (2) disclosure of Tri Counties Bank's trade secrets, commercially sensitive or propriety information would cause severe damage and ; (3) Plaintiff's tax returns (state or federal) are subject to privilege and right to privacy under California law; (4) Plaintiff's financial statements, bank statements and financial statements are not readily available and disclosure of such personal information may cause Plaintiff's embarrassment, oppression, or undue burden or expense; (5) Tri Counties Bank may certain obligations under federal law to protect against disclosure of nonpublic personally identifiable information; and (6) disclosure of documents containing personal information regarding any employees, agents or representatives of Plaintiff or Tri Counties Bank is necessary to protect such persons from annoyance, embarrassment, oppression, or undue burden or expense.

Pursuant to Local Rule 141.1(c)(3), a court order is necessary to protect the Parties' rights. Unlike a private agreement, a violation of the court order provides the Parties remedies as

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

5

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Case No. 2:22-cv-01761-KJM-CKD

BN 75306372v3

permitted under applicable law. Further, if the Parties believe that this Stipulated Protective Order needs modification or if documents are improperly identified as Protected Material, the appropriate remedy is to move for relief with this Court from this Stipulated Protective Order. A private agreement does not afford the parties these protections or remedies.

**4.     DURATION**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

By designating any information or items as Protected Material, the Designating Party and its counsel represent, in good faith, that such designation is appropriate to maintain the confidential nature of the information based on a reasonable belief of confidentiality.

Mass, indiscriminate, or routinized designations of materials, documents, items, or communications that do not qualify as confidential or protected are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

Case No. 2:22-cv-01761-KJM-CKD

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as the case may be) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate marking in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all testimony that is Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

7

Case No. 2:22-cv-01761-KJM-CKD

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated under the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of Protected Material at any time. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice (which may be by email) of each designation challenged and of the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Protected Material is being made under this specific paragraph of this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of the transmission of the notice. In conferring, the Challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must allow the Designating Party to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within 14 days of the date of transmission of the notice.

8

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

Case No. 2:22-cv-01761-KJM-CKD

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, any Party or Non-Party may seek relief from the Court, either by motion pursuant to Rule 251 of the Local Rules or under the informal telephonic conference procedure Magistrate Judge Carolyn K. Delaney, or such other magistrate judge assigned to this case, offers.

Frivolous challenges or refusals to change a designation of Protected Material, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the offending Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until either (i) the parties expressly agree in writing to the contrary or (ii) the court rules in favor of the challenge. The burden of persuasion in any challenge proceeding shall be on the Designating Party.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for purposes of this lawsuit (including any appeals). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. See Section 15, below.

7.2.1   <u>Disclosure of CONFIDENTIAL INFORMATION</u>. Unless otherwise ordered by the court or expressly permitted in writing by the Designating Party, Protected Material produced pursuant to this Order and marked as CONFIDENTIAL INFORMATION may be disclosed only to the following persons:

(a)     Counsel of Record and employees of Counsel of Record and their co-counsel, including attorneys, support staff, legal assistants, paralegals, investigators, and clerical staff who are engaged in assisting in this action.

     (b)     Parties and their employees.

     (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (also referred to as a "Third Party Confirmation").

     (d)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

     (e)     The court and its personnel (but only in accordance with paragraph 13.3, below).

     (f)     Court or shorthand reporters, deposition videographers, and their staff.

     (g)     During their depositions, Non-Party witnesses in the action. The Party wishing to use Protected Material during the deposition of a Non-Party witness shall consult with the Designating Party, and, if the Designating Party so requests, shall require the witness to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to being presented with any Protected Material. At the request of the Designating Party, any exhibit containing Protected Material and any pages containing transcribed deposition testimony that reveals Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

     (h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

     7.2.2     <u>Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>. Unless otherwise ordered by the court or expressly authorized in writing by the Designating Party, Protected Material produced pursuant to this Order and marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to those persons identified in paragraph 7.2.1.(a) and (c).

     7.3     <u>Depositions.</u> As a condition to a party's ability to (a) mark as an exhibit in deposition any Protected Material or (b) designate any question or answer at deposition as

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:22-cv-01761-KJM-CKD

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

BN 75306372v3

Protected Material, counsel shall do all of the following at or before the time the court reporter receives such Protected Material:

(a) The Party (or counsel) marking the exhibit or designating the question or answer as Protected Material shall direct the court reporter to place such Protected Material under seal.

(b) The Party (or counsel) marking the exhibit or designating the question or answer as Protected Material shall give a copy of this Protective Order and the Third Party Confirmation to the court reporter and obtain the signature of the court reporter on the Third Party Confirmation.

**8.      DEPOSITION TRANSCRIPT PAGES.**

Deposition transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party offering or sponsoring the witness or presenting the testimony. The Parties may modify this procedure for any particular deposition or proceeding by express oral stipulation on the deposition record or expressly in writing without further order of the Court, in either case making express reference to this paragraph 8.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and,

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:22-cv-01761-KJM-CKD

BN 75306372v3

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     This Order's terms apply to information produced by a Non-Party in this action and designated as either "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the provisions, procedures, remedies, and relief provided by this Order. Nothing in this Order prohibits a Party or Non-Party from seeking additional protections or modifications to the protective designation.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a Stipulated confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

12

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

Case No. 2:22-cv-01761-KJM-CKD

    (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order or other relief, the Receiving Party shall not produce any information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material in this court.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) use its best efforts to retrieve all unauthorized copies of the Protected Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

 If a Producing Party gives notice to a Receiving Party that material it inadvertently produced is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Under Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

13

Case No. 2:22-cv-01761-KJM-CKD

**13.   MISCELLANEOUS**

13.1   Right to Further Relief. Nothing in this Protective Order shall prevent the Parties from amending or modifying this Protective Order (but no amendment or modification is enforceable unless it is in a writing, signed by each of the Parties, that expressly states it amends or modifies this Protective Order, and entered as an order), nor shall it prevent any Party from moving for amendment or modification of this Protective Order or other relief either during or after the conclusion of this lawsuit.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Use of Protected Material. A Receiving Party wishing to file or submit Protected Material to or with the Court, including without limitation in any proceeding in this case or on any appeal (such as, without limitation, in connection with a motion or trial) may not do so until it has obtained either express written consent of the Designating Party or an order of the Court under either Local Rule 141 or 141.1 or otherwise, but may do so by filing the Protected Material *in camera*.

13.4   Right to Use Own Material. Nothing in this Protective Order shall limit a Party's right to use its own Protected Material as it deems appropriate.

13.5   Consent to Jurisdiction. Anyone who receives any Protected Material agrees to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

13.6   Attorneys' Fees and Costs. If there is a breach of this Protective Order, the prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in enforcing this Protective Order pursuant to Federal Rule of Civil Procedure 37.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

14

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:22-cv-01761-KJM-CKD

BN 75306372v3

**14.   MAINTENANCE OF WRITTEN RECORD**

Counsel for each Party shall maintain, through the conclusion of this action, including any appeals, a written record of the date on which each Authorized Third Party was provided with any Confidential Information, a copy of this Protective Order, and each Third Party Confirmation.

**15.   SAFEKEEPING**

Each Party and their counsel shall maintain the Protected Material in a folder or other container (whether in paper or electronic form) in a manner designed to preserve the confidential nature of it. The outside of such folder or container shall be conspicuously marked or titled "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as the case may be) and, if in paper form, shall have a copy of this protective order affixed to the outside of it in a manner designed to provide reasonable notice that the folder or container contains confidential records or information.

**16.   FINAL DISPOSITION**

Within 30 days after the conclusion of this lawsuit and any appeals, as defined in paragraph 4, each Receiving Party shall, at the option of the Designating Party, which it shall designate expressly in writing, either return or destroy all Protected Material received from the Designating Party. Counsel shall certify in writing to the return or destruction of all such information.

DATED:  February 27, 2023        BUCHALTER
                                 A Professional Corporation


                                 By:   /s/   Robert S. McWhorter
                                       ROBERT S. MCWHORTER
                                       Attorneys for Defendant
                                       TRI COUNTIES BANK

DATED:  February 27, 2023        GALE, ANGELO, JOHNSON & PRUETT, P.C.


                                 By:   /s/ Joe Angelo (authorized on 2/24/23)
                                       JOE ANGELO
                                       Attorneys for Plaintiff
                                       MARY LOVE

**ORDER**

The Court, having reviewed the above Stipulated Qualified Protective Order, and good cause appearing, enters this Stipulated Protective Order as an Order of the Court.

IT IS SO ORDERED.

Dated: February 27, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16
[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 2:22-cv-01761-KJM-CKD
BUCHALTER
A Professional Corporation
Sacramento
BN 75306372v3

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Mary Love v. Tri Counties Bank, et al.*, Case No. 2:22-cv-01761-KJM-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to penalties, including without limitation sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. If I am entering into this Acknowledgment and Agreement as an expert retained by a party to this case or its counsel, I represent I have specialized knowledge or experience in a matter pertinent to this lawsuit, I have been previously qualified as an expert in a court of law in the specific field of expertise for which I am being retained in this case, and I have been retained by a party to this case or its counsel to serve as an expert witness or as a consultant in this lawsuit. I represent and acknowledge that if anything designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY has been disclosed to me, I will not disclose it or anything in it or about it (as defined in "Scope," in paragraph 3, above), to anyone other than the actual attorney who retained me, and that means I cannot disclose it to, among others, the Party whom the attorney represents.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

[PROPOSED] STIPULATED PROTECTIVE ORDER
BN 75306372v3

17

Case No. 2:22-cv-01761-KJM-CKD