UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE, | 2:22-cv-01761-KJM-CKD (PS) |
| Plaintiff, | <u>ORDER TO SHOW CAUSE</u> |
| v. | |
| TRI-COUNTIES BANK, | |
| Defendant. | |

      Plaintiff, proceeding with the assistance of counsel, filed this fee-paid complaint on October 6, 2022.  (ECF No. 1.)  On August 1, 2023, plaintiff's counsel and defendants filed a joint discovery dispute letter informing the court that plaintiff had ceased communication after filing an initial response to defendant's discovery requests. (ECF No. 18.)  Plaintiff's counsel filed a motion to withdraw as her attorney on August 2, 2023 and on September 8, 2023, the assigned district judge granted counsel's motion.  (ECF Nos. 20, 21.)  The court ordered plaintiff to retain new counsel or indicate plaintiff's intent to proceed pro se within thirty days of receiving a copy of the court's order. (ECF No. 21 at 3.)

      Upon expiration of the thirty-day deadline, and having received no notice from plaintiff, the assigned district judge referred this pro se action to the undersigned pursuant to Local Rule 302(c)(21) for all further proceedings.  (ECF No. 23.)

1

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). This court's Local Rules are in accord.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

Given plaintiff's failure to notify the court within the window ordered by the district judge, this action is on the verge of being dismissed.  Accordingly, within fourteen days of the date of this order, plaintiff shall show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

IT IS SO ORDERED.

Dated:  November 2, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, love.1761