UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE, | 2:22-cv-01761-KJM-CKD (PS) |
| Plaintiff, | ORDER |
| v. | |
| TRI-COUNTIES BANK, | |
| Defendant. | |

Plaintiff, proceeding with the assistance of counsel, filed this fee-paid complaint on October 6, 2022. (ECF No. 1.) On August 2, 2023, plaintiff's counsel moved to withdraw after plaintiff had ceased communication. (ECF No. 20.) On September 8, 2023, the assigned district judge granted plaintiff's counsel's motion to withdraw and ordered plaintiff to retain new counsel or indicate plaintiff's intent to proceed pro se within thirty days of receiving a copy of the court's order. (ECF No. 21 at 3.) When plaintiff failed to respond to the court's order, the assigned district judge referred this pro se action to the undersigned pursuant to Local Rule 302(c)(21) for all further proceedings. (ECF No. 23.)

I.  Order to Show Cause

On November 2, 2023, the undersigned ordered plaintiff to show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. (ECF No. 24.) Plaintiff timely responded to

1

1  the order to show cause and informed the court that she failed to timely respond to the court's
2  prior order because of recent deaths in her family, but that she intended to proceed pro se. (ECF
3  No. 25.) Defendants submitted an opposition and argue for dismissal on the basis that plaintiff has
4  not shown good cause. (ECF No. 26 at 2.) The court finds good cause exists and therefore
5  DISCHARGES the order to show cause.[1]

6        II.      Defendant's Request for Dismissal, ECF No. 26

7      Defendant requests that the court dismiss this action based on plaintiff's failure to comply
8  with discovery. (ECF No. 26 at 3.) Pursuant to Fed. R. Civ. P 41(b) "[i]f the plaintiff fails to
9  prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
10 action or any claim against it." Defendant argues that plaintiff has failed to provide sufficient
11 discovery responses since May 2023 and that this failure to comply with discovery rules has
12 prejudiced defendant's ability to adequately defend itself against plaintiff's claims. (ECF No. 26
13 at 3.) In the parties' August 18, 2023 joint discovery letter, defendant informed the court that
14 plaintiff agreed to verify her discovery responses and produce all documents within her
15 possession, custody, and control. (ECF No. 18 at 2). Indeed, plaintiff's prior counsel
16 acknowledged that plaintiff needed to further respond to defendant's written discovery requests
17 and ultimately withdrew because of plaintiff's failure to provide any meaningful or productive
18 response to defendant's requests for discovery. (ECF No. 20-1 at para. 16.)

19     The court agrees that plaintiff's failure to comply with discovery rules prejudices
20 defendant's ability to prepare its defense. However, before recommending dismissal, <u>the court
21 orders plaintiff to verify her discovery responses and provide defendant all documents within her
22 possession, custody, or control within 14 days of this order.</u> Failure to obey this order may result
23 in a recommendation that this case be dismissed pursuant to Fed. R. Civ. P 41(b).

24     Plaintiff is informed that she may hire an attorney to represent her in this action.
25 However, with or without an attorney, plaintiff is bound by the discovery rules applicable to this

---

[1] Plaintiff requests an "extension" to find an affordable attorney, but has not told the court what deadline she seeks to extend. For this reason the court construes plaintiff's November 15, 2023 filing, currently docketed as "Motion for Extension of Time," ECF No. 25, as a response to the court's order to show cause and instructs the clerk of court to rename it on the docket.

court. Brooks v. Lee, 2023 WL 7739431, at *1 (E.D. Cal. Nov. 15, 2023) (holding that pro se status does not excuse a litigant's intentional noncompliance with discovery rules and court orders). See also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

III.    Plaintiff's Request to Participate in Electronic Filing, ECF No. 27

Plaintiff also requests to participate in electronic filing. (ECF No. 27.) The motion to participate in electronic filing is GRANTED with respect to electronic service of documents. The request to participate in electronic filing is DENIED with respect to plaintiff's request to participate in the CM/ECF system to file plaintiff's documents, as plaintiff has not shown good cause.

ORDER

Accordingly, it is hereby ORDERED that:

1. The Order to Show Cause, ECF No. 24, is DISCHARGED.
   a. The Clerk of Court shall rename the "Motion for Extension of Time," ECF No. 25, as " Response to Court's Order to Show Cause."
2. Defendant's Request to Dismiss, ECF No. 26, is DENIED without prejudice.
3. <u>Plaintiff shall verify her discovery responses and provide defendant all documents within her possession, custody, or control within 14 days of this order.</u>
4. Plaintiff's Request for E-Filing Access, ECF No. 27, is GRANTED IN PART AND DENIED IN PART.
   a. The motion to participate in electronic case filing is GRANTED with respect to electronic service of documents. The clerk is directed to configure plaintiff's account so that they will receive immediate email notifications when documents are filed in their case.
   b. The motion to participate in electronic case filing is DENIED with respect to plaintiff's request to participate in the CM/ECF system to file plaintiff's documents. Plaintiff shall continue to file paper documents with the court

through conventional means.

  c. Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to FRCP 5(b)(2)(D).

Dated: November 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, love.1761