UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE, | 2:22-cv-01761-KJM-CKD (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| TRI-COUNTIES BANK, | |
| Defendant. | |

Plaintiff, proceeding with the assistance of counsel, filed this fee-paid complaint on October 6, 2022. (ECF No. 1.) On August 2, 2023, plaintiff's counsel moved to withdraw after plaintiff had ceased communication. (ECF No. 20.) On September 8, 2023, the assigned district judge granted plaintiff's counsel's motion to withdraw and ordered plaintiff to retain new counsel or indicate plaintiff's intent to proceed pro se within thirty days of receiving a copy of the court's order. (ECF No. 21 at 3.) When plaintiff failed to respond to the court's order, the assigned district judge referred this pro se action to the undersigned pursuant to Local Rule 302(c)(21) for all further proceedings. (ECF No. 23.)

On November 2, 2023, the undersigned ordered plaintiff to show cause in writing why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. (ECF No. 24.) Plaintiff timely responded to the order to show cause and informed the court that she failed to timely respond to the court's

1

prior order because of recent deaths in her family, but that she intended to proceed pro se. (ECF No. 25.) In response, defendant argued that plaintiff had not shown good cause and requested that the court dismiss plaintiff's motion on the basis that plaintiff had prejudiced defendant by failing to comply with discovery. (ECF No. 26.)

On November 28, 2023, the court discharged the order to show cause over defendant's objections, denied defendant's request for dismissal, and ordered plaintiff to verify her discovery responses and provide defendant all documents within her possession, custody, or control within 14 days. (ECF No. 28.) Plaintiff was cautioned that failure to comply with the court's order may result in a recommendation that this case be dismissed. (Id.) That deadline has now passed.

The plaintiff has informed the court that she did not provide discovery responses to defendant, but instead sent them to the court, but that they were returned to her. (ECF No. 30.) Further, plaintiff requests a "one-month extension to find an affordable attorney" and recover from an illness. (Id.) However, plaintiff has not claimed that her illness prevented her from complying with the court's order. Further, the fact that plaintiff sent her discovery responses to the court suggests that her failure to meet her discovery obligations is not due to illness, but rather her failure to follow instructions. Accordingly, the undersigned recommends dismissal of this action.

I.   Legal Standards.

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

II.  Discussion

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. Plaintiff failed to comply with the court's November 28, 2023 order instructing her to submit her discovery responses to defendant. (See ECF No. 30, stating that plaintiff did not send her discovery responses to defendant.) Absent dismissal, this case will languish on the court's already overburdened docket.

The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare its defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal,

1  because the court has already attempted less drastic alternatives.  Specifically, the court,
2  cognizant of plaintiff's pro se status, provided plaintiff additional time to provide discovery
3  responses.
4       Finally, as to the fourth factor, the public policy favoring disposition of cases on their
5  merits, that factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's failure to
6  prosecute the case and comply with the rules that precludes a resolution on the merits.
7       Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal
8  is appropriate.

## RECOMMENDATIONS

10       Accordingly, it is HEREBY RECOMMENDED that:
11      1.    The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
12      2.    The Clerk of Court be directed to CLOSE this case.
13       These findings and recommendations are submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
15  days after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties.  Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18  shall be served on all parties and filed with the court within fourteen (14) days after service of the
19  objections.  The parties are advised that failure to file objections within the specified time may
20  waive the right to appeal the District court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.
21  1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

## ORDER

23       In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,
24  discovery, and motion practice in this action are stayed pending resolution of the findings and
25  recommendations.  With the exception of objections to the findings and recommendations and
26  /////
27  /////
28  /////

any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated: January 3, 2024

                                             CAROLYN K. DELANEY
                                             UNITED STATES MAGISTRATE JUDGE

21, love.1761