UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE,<br><br>             Plaintiff,<br><br>      v.<br><br>TRI-COUNTIES BANK,<br><br>             Defendant. | No. 2:22-cv-01761-TLN-CKD<br><br>**ORDER** |

      This matter is before the Court on Pro Se Plaintiff Mary Love's ("Plaintiff") Motion to Stay this Court's Judgment pending appeal. (ECF No. 44.) Defendant Tri-Counties Bank ("Defendant") filed an opposition. (ECF No. 46.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the factual and procedural history is not necessary for the disposition of Plaintiff's motion. In short, Plaintiff alleged Defendant maintained and reported to financial institutions inaccurate financial information about Plaintiff in connection with a mortgage Defendant secured against Plaintiff's home. (ECF No. 1 at 2.) According to Plaintiff, Defendant forgave the loan but continues to try to collect on the now-canceled debt by, among other things, forcing a sale of Plaintiff's home. (*Id.* at 2–3.) The foreclosure sale of Plaintiff's home is currently scheduled for June 12, 2024.

Plaintiff, initially represented by Joe Angelo, Esq., commenced this action against Defendant in October 2022, alleging several causes of action related to Defendant's attempts to collect on the loan and seeking monetary and injunctive relief. (*Id.* at 6–12.) In August 2023, Mr. Angelo filed a request to withdraw from representing Plaintiff, citing communication and document production issues. (ECF No. 20.) The Court granted Mr. Angelo's request and Plaintiff was ordered to retain new counsel or indicate her intent to proceed pro se within thirty days. (ECF No. 21.) When Plaintiff failed to respond to the Court's Order, the Court assumed Plaintiff was proceeding pro se and the matter was reassigned to a magistrate judge. (ECF No. 23.)

In November 2023, the magistrate judge ordered Plaintiff to show cause ("OSC") why the action should not be dismissed for failure to prosecute and failure to comply with court orders. (ECF No. 24.) The magistrate judge discharged the OSC after Plaintiff informed the Court of recent deaths in the family, her busy work schedule, and her intent to proceed pro se until she could find an affordable attorney. (ECF No. 28.) The magistrate judge ordered Plaintiff to verify her discovery responses and to furnish Defendant with all discoverable material within fourteen days. (*Id.*) The magistrate judge admonished Plaintiff that failure to comply with its orders may result in her case being dismissed. (*Id.*)

On December 29, 2023, two weeks after the discovery deadline, Plaintiff filed a motion for an extension of time to find an affordable attorney. (ECF No. 30.) In her motion, Plaintiff indicated she timely sent the Clerk of Court her discovery responses via U.S. mail, but it was

returned to her. (*Id.*) Plaintiff further indicated that she did not send her discovery responses to Defendant because they had not yet been verified by an attorney, and she was having difficulty retaining one due to an illness and the holiday season. (*Id.*)

On January 3, 2024, the magistrate judge made findings and recommended ("F&Rs") Plaintiff's case be dismissed for failure to prosecute and failure to comply with the Court's order to verify her discovery responses and furnish Defendant with discovery within fourteen days. (ECF No. 31.) Plaintiff filed objections to the F&Rs, reiterating many of the same reasons in her motion for an extension of time, and indicating she is now working with James Arrasmith, ESQ. to assist with her case. (ECF No. 32.) Defendant filed a response, substantially agreeing with the analysis and conclusion of the F&Rs. (ECF No. 33.) Plaintiff objected to Defendant's response, arguing many of the same hardships — familial deaths, work, illness, and inability to find counsel — impacted her ability to prosecute her case, and that she sent her discovery information to Mr. Arrasmith for his review on January 9, 2024. (ECF No. 34.)

On May 3, 2024, the Court adopted in full the F&Rs and denied Plaintiff's motion for an extension of time to find an attorney. (ECF No. 36.) The Clerk of Court entered judgment against Plaintiff that same day, and Plaintiff timely appealed. (ECF Nos. 37, 38.)

On June 6, 2024, Plaintiff filed the instant motion, seeking to stay enforcement of the Court's Judgment, and to enjoin the sale of her home until resolution of the appeal. (ECF No. 44.) On June 10, 2024, Defendant filed a response. (ECF No. 46.)

**II.     STANDARD OF LAW**

A party must ordinarily first move in the district court for a stay of the judgment or an order granting an injunction while an appeal is pending. Fed. R. App. P. 8(a)(1).

### A.     Stay Pending Appeal

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (alteration adopted) (internal quotations and citations omitted). "The party requesting a stay bears the burden of showing that the

3

circumstances justify an exercise of that discretion." *Id.* at 433–34.  When deciding whether to grant a stay pending appeal, courts consider four factors:(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Duncan v. Bonta*, 83 F.4th 803, 805 (9th Cir. 2023) (en banc).

### B.      Injunction Pending Appeal

Federal Rule of Civil Procedure 62(d) permits the Court to issue an injunction while an appeal is pending from a final judgment that refused to grant an injunction "on terms for bond or other terms that secure the opposing party's rights."  "In deciding whether to grant an injunction pending appeal, the court balances the plaintiff's likelihood of success against the relative hardship to the parties."  *Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*, 472 F.3d 1097, 1100 (9th Cir. 2006) (quotations and citations omitted).  The Ninth Circuit has recognized two different sets of criteria for preliminary injunctive relief.  Under the traditional test, "the moving party must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  *Id.* (quotations and citations omitted).  The alternative test "requires that the moving party demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor."  *Id.* (quotations and citations omitted).

### III.    ANALYSIS[1]

### A.      Likelihood of Success on the Merits

Plaintiff contends she is likely to succeed on the merits of her appeal because her "debt was unequivocally canceled and forgiven on September 28, 2018, as evidenced by the issuance of Form 1099-C, which signifies the creditor's discharge of the debt and the debtor's consequent

---

[1] Because the requirements to obtain a stay and injunctive relief pending appeal substantially overlap, the Court addresses the two sets of requirements together.

4

1  non-liability." (ECF No. 44 at 11.) Defendant does not specifically address this factor but argues
2  generally that injunctive relief is not warranted here because, among other things, Plaintiff "has
3  not shown cause for issuing what amounts to an unsecured stay." (ECF No. 46 at 3.)

4        The Court finds Plaintiff has failed to demonstrate a likelihood of success on the merits of
5  her appeal. Plaintiff's case was dismissed under Federal Rule of Civil Procedure 41(b) for failure
6  to prosecute and failure to comply with the court orders, where the Court weighed the factors
7  outlined in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). To succeed on her appeal,
8  then, Plaintiff must demonstrate the Court abused its discretion in dismissing her case because the
9  Court improperly applied the *Ferdik* factors. *See id.* at 1261. However, Plaintiff's motion
10 focuses on the merits of her now-dismissed complaint (i.e., whether Defendant violated Plaintiff's
11 rights by attempting to collect on the allegedly forgiven loan), rather than an improper application
12 of the *Ferdik* factors. Moreover, as Defendant correctly points out, requests for injunctive relief
13 must be accompanied by a provision for bond. *See* Fed. R. Civ. P. 62(d); L.R. 231. However,
14 Plaintiff's motion is devoid of any such provision or "other terms that secure the opposing party's
15 rights" as required under Federal Rule of Civil Procedure 62(d).

16             B.      <u>Irreparable Injury</u>

17     Plaintiff contends she will suffer irreparable injury in the absence of a stay and injunctive
18 relief. (ECF No. 44 at 13.) Specifically, Plaintiff argues the "scheduled sale of her property on
19 June 12, 2024, poses a critical threat to her financial and emotional well-being, which cannot be
20 adequately remedied through monetary compensation alone." (*Id.*) Defendant does not
21 specifically address this factor.

22     The Court finds this factor weighs in favor of a stay and injunctive relief. Plaintiff's home
23 is scheduled to be sold on June 12, 2024, and it is "is well-established that the loss of an interest
24 in real property constitutes an irreparable injury." *Park Vill. Apartment Tenants Ass'n v.*
25 *Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011) (citation omitted).

26             C.      <u>Balance of Hardships/Injury to Parties</u>

27     Plaintiff next contends granting a stay and injunction "will not substantially injury
28 Defendant, and maintaining the status quo during the appeal is a fair and equitable solution."

(ECF No. 44 at 15.)  On the other hand, Plaintiff maintains she will suffer hardship or be injured if relief is not granted, particularly where she has been proceeding pro se and her attorneys — Mr. Angelo and Arrasmith — made misrepresentations to the Court and neglected her case.[2]  (ECF No. 44 at 15–16.)  In opposition, Defendant argues it will suffer harm if the sale of Plaintiff's home is enjoined because it is the sole collateral and could decrease in value while the appeal is pending.  (ECF No. 46 at 4.)

The Court finds this factor is neutral.  While it is possible that the value of Plaintiff's home could substantially depreciate during the pendency of the appeal, Defendant has presented no evidence that it would or that it is a likely possibility.  On the other hand, if the sale of Plaintiff's home proceeds as planned, Plaintiff may be able to set aside the sale in certain circumstances.  Moreover, the purported conduct by Plaintiff's attorneys is not relevant to the issue of irreparable injury in the absence of injunctive relief to prevent the foreclosure sale.  To the extent Plaintiff believes her case was crippled by her attorneys, she may pursue a legal malpractice claim against them or take other appropriate action.

### D. Public Interest

Finally, Plaintiff contends the "public interest strongly supports granting the stay, as it involves critical issues of fairness, accountability, … the integrity of debt relief programs" and preventing wrongful foreclosures.  (ECF No. 44 at 17.)  Defendant does not address this factor.

The Court finds Plaintiff has failed to demonstrate the public interest supports granting the relief she seeks.  First, Plaintiff fails to indicate any public interest in staying the Court's Order and Judgment.  Second, although there may be a public interest in permitting individuals to remain in their home, there is equally a public interest in ensuring financial institutions may collect upon a debt owed to them by foreclosing upon that home pursuant to valid procedures.

In sum, the Court finds Plaintiff has failed to demonstrate she is entitled to the extraordinary relief she seeks.

---

[2]  Plaintiff alleges Mr. Angelo withdrew from the representation, not because of miscommunication, but because he attempted to change the structure of their fee arrangement mid-litigation.  (ECF No. 44 at 16.)  Plaintiff alleges Mr. Arrasmith failed to timely deliver modified discovery responses as promised.  (*Id.*)

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Stay this Court's Judgment pending appeal. (ECF No. 44.)

IT IS SO ORDERED.

Date: June 11, 2024

Troy L. Nunley
United States District Judge

7